UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **NASR BASILY,**<br><br>    Plaintiff,<br><br>    v.<br><br>**SMITHSONIAN INSTITUTION**,<br><br>    Defendant. | Case No. 22-cv-3722 (CRC) |

**OPINION**

Plaintiff Nasr Basily filed a *pro se* civil complaint against the Smithsonian Institution in the District of Columbia Superior Court, seeking damages for a workplace injury he suffered during his employment with the Smithsonian.  See Notice of Removal of a Civil Action, ECF No. 1, at 6–7. The Smithsonian removed Basily's case to this Court pursuant 28 U.S.C. § 1442(a)(1) and filed a motion to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).  See id. at 1–2; see also Mot. to Dismiss.  Construing the complaint as asserting a personal injury claim under the Federal Tort Claims Act ("FTCA"), the Smithsonian contends, among other things, that the Court lacks subject matter jurisdiction over Basily's action because the Federal Employees Compensation Act ("FECA") provides the exclusive basis for relief for workplace injuries sustained by federal employees. Mot. to Dismiss at 4–5.  Because Basily is proceeding *pro se*, the Court filed an order pursuant to Fox v. Strickland, 837 F.2d 507 (D.C. Cir. 1988), and Neal v. Kelly, 963 F.2d 453 (D.C. Cir. 1992), instructing him to respond to the Smithsonian's motion by March 24, 2023 or risk dismissal for failing to respond.  See Order, ECF No. 5.  To date, Basily has not filed any opposition to the Smithsonian's motion despite the Court's warning.  Under Local Civil Rule 7(b), the Court may treat a dispositive motion as conceded if a party fails to file and serve an opposition within the time prescribed by the Court.  Because Basily has failed to respond to the Smithsonian's

motion, the Court will exercise its discretion under Local Rule 7(b) and summarily dismiss this case.

Further, even if Basily had opposed the Smithsonian's motion, the Court would in any event dismiss this case for lack of subject matter jurisdiction. "FECA carves out certain suits by federal employees from the FTCA's sovereign-immunity waiver." Jones v. United States, 318 F. Supp. 3d 15, 19 (D.D.C. 2018). In exchange for FECA's creation of an administrative process by which employees can seek compensation for work-related injuries, "federal employees are statutorily precluded from bringing suits for money damages for injuries sustained during the course of their employment." Id. (quoting Johnson v. Mao, 174 F. Supp. 3d 500, 522 n.14 (D.D.C. 2016)); see also 5 U.S.C. § 8116(c) ("The liability of the United States or an instrumentality thereof under [FECA] . . . with respect to the injury or death of an employee is exclusive and instead of all other liability of the United States . . . to the employee . . . because of the injury or death . . . ."). Because Basily's complaint clearly alleges that the injuries underlying his claim for damages were the result of a "bad accident at work by [his] coworker," Notice of Removal of a Civil Action, ECF No. 1, at 6, his case must be dismissed for lack of subject matter jurisdiction, Jones, 318 F. Supp. 3d at 20.[1]

For these reasons, the Court will grant the Smithsonian's Motion to Dismiss and will dismiss Basily's complaint with prejudice. A separate Order shall accompany this opinion.

Date: June 22, 2023

CHRISTOPHER R. COOPER
United States District Judge

---

[1] Basily's complaint also contains a few stray allegations that he lost his job at the Smithsonian. The Court does not, however, construe these passing references to job loss as asserting a separate employment claim against the Smithsonian. The bulk of Basily's allegations and all of the attachments to his complaint concern his physical injuries sustained at work, and on the cover sheet for his Superior Court complaint, Basily likewise checked the box identifying his suit as a personal injury action, not an employment claim. Notice of Removal of a Civil Action, ECF No. 1, at 31.